IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CONTEGO SPA DESIGNS, INC., <br> *Plaintiff,* <br> v. <br><br> SOHO NAILS SPA LLC, and Does 1-10 <br> *Defendants* | Civil Action No. 4:24-cv-183 <br><br> DEMAND FOR JURY TRIAL |

**PLAINTIFF CONTEGO SPA DESIGNS, INC.'S ORIGINAL COMPLAINT**

Plaintiff Contego Spa Designs, Inc. (hereafter "Plaintiff"), for its Complaint against Defendant Soho Nails Spa LLC, a Missouri limited liability company doing business as "Soho Nails Spa" (hereafter "Soho"), and Does 1-10, individuals and/or entities of unknown types alleges as set forth herein.

**JURISDICTION AND VENUE**

1. This action arises under the United States patent laws (Title 35 of the United States Code) for the infringement of United States Patent No. 9,289,353 (hereafter "the '353 Patent"). This Court has original jurisdiction over all Causes of Action herein pursuant to 28 U.S.C. §§ 1331 and 1338.

2. This Court has personal jurisdiction over each Defendant because each Defendant has directly or through intermediaries, conducted business in this State and District, as further alleged herein and in association with alleged infringing activity, and, otherwise, purposefully

availed itself of the benefits of doing business and maintaining minimum contacts with this District.

3. Venue is proper in this District with respect to Soho, pursuant to 28 U.S.C. § 1400(b), because Soho resides in this District.

4. Venue is also proper in this District with respect to Soho pursuant to 35 U.S.C. § 1400(b), because Soho has committed acts of patent infringement in this District and has a regular and established place of business in this District.

5. Venue is proper in this District with respect to Doe 1 pursuant to 28 U.S.C. § 1400(b), because upon information and belief Doe 1 resides in this District.

6. Venue is also proper in this District with respect to Doe 1 pursuant to 28 U.S.C. § 1400(b), because upon information and belief Doe 1 has committed acts of patent infringement in this District and has a regular and established place of business in this District.

7. Venue is proper in this District with respect to each Defendant that is not a domestic corporation pursuant to 28 U.S.C. § 1391(b), because upon information and belief at least one Defendant resides in this District and all Defendants are residents of this State.

8. Venue is also proper in this District with respect to each Defendant that is not a domestic corporation pursuant to 28 U.S.C. § 1391(b), because upon information and belief a substantial part of the events giving rise to the causes of action against each such Defendant occurred in this District.

## PARTIES

9. Plaintiff is a California corporation with a regular and established place of business at 12856 Brookhurst Street, Garden Grove, California 92840.

10. Plaintiff is in the business of designing, manufacturing, importing, and selling salon spa chairs and related furniture, equipment, accessories, parts, and supplies, and has been for approximately ten years.

11. Upon information and belief, Soho is a Missouri limited liability company doing business as "Soho Nails Spa" with a regular and established place of business in this District at 203D NE Englewood Rd., Kansas City, Missouri 64118 ("Soho's place of business").

12. Upon information and belief, Doe 1 resides in this District, and is a managing member, officer, operator and/or owner of Soho which has a regular and established place of business in this District at Soho's place of business.

13. Upon information and belief, Does 2-10 reside in this District, and own, operate, manage and/or perform services for Soho which has a regular and established place of business in this District at Soho's place of business.

14. The true identities of Does 1-10 are currently unknown.

## GENERAL ALLEGATIONS

15. Upon information and belief, Soho, Doe 1, and the remaining Doe Defendants own and control the website content at https://sohonailsandlashes.com/ ("Soho's Website").

16. On March 22, 2016, the '353 Patent, titled "PEDICURE BASIN WITH OVERFLOW PROTECTION" was issued to Lan Van Ta, the sole named inventor.

17. Attached hereto as Exhibit 1 is a true and correct copy of the '353 Patent.

18. The '353 Patent is presumed valid pursuant to 35 U.S.C. § 282.

19. On November 21, 2019, Lan Van Ta executed an assignment to Plaintiff of the full and exclusive rights, title, and interest in and to the '353 Patent, including the right to sue for past royalties and past infringement (hereafter "Assignment").

20. The Assignment was recorded at the United States Patent and Trademark Office on November 29, 2019 at Reel/Frame 051138/0457.

21. Plaintiff is currently the owner of the full and exclusive rights, title, and interest in and to the '353 Patent, including the right to sue for past royalties and past infringement.

22. The '353 Patent describes generally a spa chair having an innovative pedicure basin. The spa chair includes a seat for a patient, a main basin in front of the seat for containing liquid and receiving a patient's feet, the main basin having a peripheral rim wherein the peripheral rim has a portion which is at a lowered height relative to the remainder of the rim so that liquid can overflow the lowered height portion when the liquid reaches a depth greater than the lowered height portion. The spa chair also has a secondary basin configured to receive the liquid overflowing the lowered height portion of the main basin, and a liner covering the surface of the main basin up to the peripheral rim.

23. The '353 Patent describes that such spa chairs are typically used for cosmetic procedures such as manicures and pedicures.

24. Plaintiff has marked all of its own products covered by the '353 Patent in accordance with 35 U.S.C. § 287.

25. Plaintiff has been and continues to be damaged by the acts of infringement of the '353 Patent alleged herein, in an amount to be proven at trial.

26. Plaintiff has been and continues to be irreparably harmed by the acts of infringement of the '353 Patent alleged herein.

27. Upon information and belief, the acts of infringement of the '353 Patent alleged herein have been willful, because such infringement has been and is deliberate and intentional.

## FIRST CAUSE OF ACTION AGAINST SOHO
### Direct Infringement of U.S. Patent No. 9,289,353

28. Plaintiff incorporates herein each of the foregoing allegations, and the allegations which follow.

29. In violation of 35 U.S.C. § 271(a), Soho has, without authority from Plaintiff, used in the United States within this District, and continues to use in the United States within this District, products including pedicure spa chairs (hereafter "Accused Products") that include each and every limitation of at least one claim of the '353 Patent.

30. The use and continued use of Accused Products by Soho infringes at least Claims 1, 2, 3 and 6 of the '353 Patent (hereafter "Currently Asserted Claims").

31. Attached hereto as Exhibits 2 and 3 are copies of web pages from Soho's website showing Accused Products installed at Soho's place of business.

32. Attached hereto as Exhibit 4 is a closeup photo of one of the Accused Products installed at Soho's place of business showing the logo used by T-Spa MFG., LLC ("T-Spa") embossed on the upper left corner of the headrest.

33. Attached hereto as Exhibit 5 is a copy of web pages from the website https://tspallc.com/ (hereafter "T-Spa Website") showing a KYEN model pedicure spa chair sold by T-Spa. The same logo placed on the headrest in Exhibit 4 is on the front of the Kyen pedicure spa chair on page 1 of Exhibit 5, and also on the header of page 2 of Exhibit 5.

34. Upon information and belief, the Accused Products installed at Soho's place of business, and used and being used by Soho, are KYEN model pedicure spa chairs sold by T-Spa. (hereafter "KYEN Accused Product")

35. The Accused Products include but are not limited to KYEN Accused Products.

36.     Attached hereto as Exhibit 6 is a close-up view of the main basin of a KYEN Accused Product taken as a still image from a video on the T-Spa Website. As shown in Exhibits 2 and 3, the KYEN Accused Product is a pedicure spa chair for use by a spa patient in a pedicure of the feet of the patient.

37.     As show in Exhibits 5 and 6, the KYEN Accused Product includes: a seat arranged for receiving the patient in a seating position with the feet presented forwardly of the seat; a main basing in front of the seat and arranged such that the feet of the patient sitting the seat are received in the main basin; the main basin having a peripheral rim for containing liquid in the main basin; the main basin having a least a portion of the peripheral rim having a lowered height portion relative to the remainder of the peripheral rim which allows liquid to overflow the lowered height portion when the liquid reaches a depth greater than the lowered height portion. The remainder of the peripheral rim which is not lowered is a main portion of the peripheral rim.

38.     Attached hereto as Exhibit 7 is a photograph of a portion of a KYEN Accused Product showing the secondary basin communicated with the main basin over at least a portion of the peripheral rim so as to collect overflow of liquid from the main basin that is directed through the lowered portion of the peripheral rim towards the secondary basin. The secondary basin has a drain hole for draining the overflow liquid.

39.     Exhibits 8-10 are photographs taken at Soho's place of business. As shown in Exhibits 8-10, Soho inserts liners into the main basin of the KYEN Accused Products when using the KYEN Accused Products to provide pedicures and/or other nail salon services to its customers.

40.     Exhibits 8-10 show that the KYEN Accused Products have been installed at Soho's place of business and that Soho has used, and continues to use, the KYEN Accused

Products, including inserting disposable liners into the KYEN Accused Products and providing pedicures and/or other nail salon services to its customers using the KYEN Accused Products. Exhibit 10 is a photograph showing Soho employees and/or contractors using a KYEN Accused Product installed at Soho's place of business to perform a pedicure and/or other nail salon services to a customer. Exhibit 10 shows the KYEN Accused Product being used with a disposable liner inserted into the main basin of the spa chair.

## SECOND CAUSE OF ACTION AGAINST SOHO
### Induced Patent Infringement of U.S. Patent No. 9,289,353

41. Plaintiff incorporates herein each of the foregoing allegations, and the allegations which follow.

42. In violation of 35 U.S.C. § 271(b), Soho, has, without authority from Plaintiff, actively induced others ("Direct Infringers") to infringe at least one claim of the '353 Patent.

43. The use of KYEN Accused Products in the United States by Direct Infringers infringes at least the Currently Asserted Claims of the '353 Patent.

44. Upon information and belief, Soho's active inducement includes instructing its employees to insert disposable liners into the main basin when using the KYEN Accused Products to provide pedicures and/or other salon services to patrons (see Exhibits 8-10), knowing that Direct Infringers, including its employees and patrons, would use the KYEN Accused Products in an infringing manner.

45. Upon information and belief, Soho's active inducement includes using, and making available for use, the KYEN Accused Products, knowing that Direct Infringers would use the spas and liners, and Direct Infringers have used the KYEN Accused Products in a manner which infringes at least the Currently Asserted Claims of the '353 Patent

7

46. Upon information and belief, Soho actively encourages such infringement knowing that the acts induced constitute infringement of the '353 Patent.

### THIRD CAUSE OF ACTION AGAINST SOHO
### Contributory Patent Infringement of U.S. Patent No. 9,289,353

47. Plaintiff incorporates herein each of the foregoing allegations, and the allegations which follow.

48. In violation of 35 U.S.C. § 271(c), Soho has, without authority from Plaintiff, contributorily infringed at least one claim of the '353 Patent.

49. Upon information and belief, Soho uses, and makes available for use, in the United States, pedicure spas containing each limitation of the Currently Asserted Claims of the '353 Patent except for the "liner" (hereafter "Spas Without Liners"). Such actions, in combination with the Direct Infringers inserting liners into the Spas Without Liners and/or using such combination, constitutes contributory infringement of at least the Currently Asserted Claims of the '353 Patent.

50. Soho knows Spas Without Liners to be especially made or adapted for use in infringement of the Currently Asserted Claims of the '353 Patent.

51. The Spas Without Liners are a component of the apparatus patented in the Currently Asserted Claims of the '353 Patent.

52. The Spas Without Liners constitute a material part of the invention claimed in the Currently Asserted Claims the '353 Patent, namely the entire claimed invention except the liner.

53. The use of Spas Without Liners, in combination with the use of liners, in the United States by Direct Infringers, including Soho and Soho's employees, agents and patrons, infringes at least the Currently Asserted Claims of the '353 Patent.

54. Direct Infringers have used the KYEN Accused Products. Soho actively contributed to such infringement knowing that its contribution was a material part of the infringement by the Direct Infringers, including its employees and patrons.

**FOURTH CAUSE OF ACTION AGAINST DOE 1**
**Direct Infringement of U.S. Patent No. 9,289,353**

55. Plaintiff incorporates herein each of the foregoing allegations, and the allegations which follow.

56. Upon information and belief, Doe 1 is a managing member and/or officer of Soho.

57. Upon information and belief, Doe 1 has participated, and continues to participate, in the infringement of the '353 Patent by using, and continuing to use, Accused Products. Upon information and belief, Doe 1 uses, and continues to use, the Accused Products in providing pedicure services at Soho's place of business.

58. In violation of 35 U.S.C. § 271(a), Doe 1 has, without authority from Plaintiff, used, and continues to use in the United States, within this District, Accused Products .

59. The use and continued use of Accused Products by Doe 1 infringes at least the Currently Asserted Claims of the '353 Patent.

**FIFTH CAUSE OF ACTION AGAINST DOE 1**
**Induced Patent Infringement of U.S. Patent No. 9,289,353**

60. Plaintiff incorporates herein each of the foregoing allegations, and the allegations which follow.

61. In violation of 35 U.S.C. § 271(b), Doe 1 has, without authority from Plaintiff, actively induced others (Direct Infringers) to infringe at least one claim of the '353 Patent.

62. The use of KYEN Accused Products in the United States by Direct Infringers infringes at least the Currently Asserted Claims of the '353 Patent.

63. Doe 1 has participated in, and continues to participate in, induced infringement of the '353 Patent. Upon information and belief, Doe 1's active inducement includes instructing Soho's employees to insert disposable liners into the main basin when using the KYEN Accused Products to provide pedicures and/or other salon services to patrons (see Exhibits 8-10), knowing that Direct Infringers, including Soho's employees and patrons, would use the KYEN Accused Products .

64. Upon information and belief, Doe 1's active inducement includes using, and making available for use, the KYEN Accused Products and liners, knowing that Direct Infringers would use the KYEN Accused Products and liners, and Direct Infringers have used the KYEN Accused Products and liners.

65. Upon information and belief, Doe 1 actively encouraged such infringement knowing that the acts induced constituted infringement of the '353 Patent.

### SIXTH CAUSE OF ACTION AGAINST DOE 1
### Contributory Patent Infringement of U.S. Patent No. 9,289,353

66. Plaintiff incorporates herein each of the foregoing allegations, and the allegations which follow.

67. In violation of 35 U.S.C. § 271(c), Doe 1 has, without authority from Plaintiff, contributorily infringed at least one claim of the '353 Patent.

68. Doe 1 has participated in, and continues to participate in, contributory infringement of the '353 patent.

69. Upon information and belief, Doe 1 uses, and makes available for use, in the United States, Spas Without Liners.

70. Doe 1 knows Spas Without Liners to be especially made or adapted for use in infringement of the Currently Asserted Claims of the '353 Patent.

71. The Spas Without Liners are a component of the apparatus patented in the Currently Asserted Claims of the '353 Patent.

72. The Spas Without Liners constitute a material part of the invention claimed in the Currently Asserted Claims the '353 Patent, namely the entire claimed invention except the liner.

73. The use of Spas Without Liners, in combination with the use of liners, in the United States by Direct Infringers, including Soho and Soho's employees, agents and patrons, infringes at least the Currently Asserted Claims of the '353 Patent. Such actions, in combination with the Direct Infringers inserting liners into the Spas Without Liners and/or using such combination, constitutes contributory infringement of at least the Currently Asserted Claims of the '353 Patent.

74. Direct Infringers have used the KYEN Accused Products. Doe 1 actively contributed to such infringement knowing that its contribution was a material part of the infringement by the Direct Infringers, including its employees and patrons.

### SEVENTH CAUSE OF ACTION AGAINST DOES 2-10
### Direct Infringement of U.S. Patent No. 9,289,353

75. Plaintiff incorporates herein each of the foregoing allegations, and the allegations which follow.

76. Upon information and belief, Does 2-10 are managing members and/or officers of Soho, and/or own, operate, manage and/or perform services for Soho.

77. Upon information and belief, Does 2-10 have participated, and continue to participate, in the infringement of the '353 Patent by using, and continuing to use, Accused Products. Upon information and belief, Does 2-10 use, and continue to use, Accused Products in providing pedicure services at the Soho's place of business.

78. In violation of 35 U.S.C. § 271(a), Does 2-10 have, without authority from Plaintiff, used, and continue to use in the United States, within this District, Accused Products that include each and every limitation of at least one claim of the '353 Patent.

79. The use and continued use of Accused Products by Does 2-10 infringes at least the Currently Asserted Claims of the '353 Patent.

### **EIGHTH CAUSE OF ACTION AGAINST DOES 2-10**
### **Induced Patent Infringement of U.S. Patent No. 9,289,353**

80. Plaintiff incorporates herein each of the foregoing allegations, and the allegations which follow.

81. In violation of 35 U.S.C. § 271(b), Does 2-10 have, without authority from Plaintiff, actively induced others (Direct Infringers) to infringe at least one claim of the '353 Patent.

82. The use of KYEN Accused Products in the United States by Direct Infringers infringes at least the Currently Asserted Claims of the '353 Patent.

83. Does 2-10 have participated in, and continue to participate in, induced infringement of the '353 Patent. Upon information and belief, Does 2-10's active inducement includes instructing Soho's employees to insert disposable liners into the main basin when using the KYEN Accused Products to provide pedicures and/or other salon services to patrons (see

Exhibits 8-10), knowing that Direct Infringers, including Soho's employees and patrons, would use the KYEN Accused Products .

84. Upon information and belief, Does 2-10's active inducement includes using, and making available for use, the KYEN Accused Products and liners, knowing that Direct Infringers would use the KYEN Accused Products and liners, and Direct Infringers have used the KYEN Accused Products and liners.

85. Upon information and belief, Does 2-10 actively encouraged such infringement knowing that the acts induced constituted infringement of the '353 Patent.

### NINTH CAUSE OF ACTION AGAINST DOES 2-10
### Contributory Patent Infringement of U.S. Patent No. 9,289,353

86. Plaintiff incorporates herein each of the foregoing allegations, and the allegations which follow.

87. In violation of 35 U.S.C. § 271(c), Does 2-10 each have, without authority from Plaintiff, contributorily infringed at least one claim of the '353 Patent.

88. Does 2-10 each have participated in, and continue to participate in, contributory infringement of the '353 patent.

89. Upon information and belief, Does 2-10 each use, and make available for use, in the United States, Spas Without Liners.

90. Does 2-10 each know Spas Without Liners to be especially made or adapted for use in infringement of the Currently Asserted Claims of the '353 Patent.

91. The Spas Without Liners are a component of the apparatus patented in the Currently Asserted Claims of the '353 Patent.

92. The Spas Without Liners constitute a material part of the invention claimed in the Currently Asserted Claims the '353 Patent, namely the entire claimed invention except the liner.

93. The use of Spas Without Liners, in combination with the use of liners, in the United States by Direct Infringers, including Soho and Soho's employees, agents and patrons, infringes at least the Currently Asserted Claims of the '353 Patent. Such actions, in combination with the Direct Infringers inserting liners into the Spas Without Liners and using such combination, constitutes contributory infringement of at least the Currently Asserted Claims of the '353 Patent.

94. Direct Infringers have used the KYEN Accused Products. Does 2-10 actively contributed to such infringement knowing that its contribution was a material part of the infringement by the Direct Infringers, including its employees and patrons.

**********

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Pursuant to 35 U.S.C. § 283, the Court enjoin Defendants, their subsidiaries, divisions, agents, servants, and employees, and those persons in concert or active participation with any of them, from further acts of infringement of the '353 Patent.

B. Pursuant to 35 U.S.C. § 284, Plaintiff be awarded damages, interest, and costs, including treble damages.

C. Pursuant to 35 U.S.C. § 285, the case be declared exceptional, and Plaintiff be awarded reasonable attorney fees.

D. Plaintiff be awarded pre-judgment and post-judgment interest according to law.

E. Plaintiff be awarded such other relief as this Court deems appropriate.

**********

Dated: March 15, 2024

        Respectfully Submitted,

        **CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

        By: */s/ Aaron E. Schwartz*
        Aaron E. Schwartz, #58745 (MO)
        8182 Maryland Avenue, Fifteenth Floor
        St. Louis, MO 63105
        Telephone: 314-754-4810
        Facsimile: 314-721-0554
        schwartz@capessokol.com

        James K. Sakaguchi (Pro Hac Vice to be filed)
        **VISTA IP LAW GROUP LLP**
        100 Spectrum Center Dr., Ste. 900
        Irvine, CA 92618
        Telephone: 760-803-5967
        Facsimile: 949-625-8955
        jks@viplawgroup.com

        Neal M. Cohen (Pro Hac Vice to be filed)
        **VISTA IP LAW GROUP LLP**
        100 Spectrum Center Dr., Ste. 900
        Irvine, CA 92618
        Telephone: 949-724-1849
        Facsimile: 949-625-8955
        nmc@viplawgroup.com

        ***ATTORNEYS FOR PLAINTIFF***
        ***CONTEGO SPA DESIGNS, INC.***

## JURY DEMAND

Pursuant to F.R.Civ.P. Rule 38(b), Plaintiff Contego Spa Designs, Inc., demands a jury trial on all issues triable to a jury.

Dated: March 15, 2024

                              Respectfully Submitted,

                    **CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

                              By: */s/ Aaron E. Schwartz*
                              Aaron E. Schwartz, #58745 (MO)
                              8182 Maryland Avenue, Fifteenth Floor
                              St. Louis, MO 63105
                              Telephone: 314-754-4810
                              Facsimile: 314-721-0554
                              schwartz@capessokol.com

                              James K. Sakaguchi (Pro Hac Vice to be filed)
                              **VISTA IP LAW GROUP LLP**
                              100 Spectrum Center Dr., Ste. 900
                              Irvine, CA 92618
                              Telephone: 760-803-5967
                              Facsimile:   949-625-8955
                              jks@viplawgroup.com

                              Neal M. Cohen (Pro Hac Vice to be filed)
                              **VISTA IP LAW GROUP LLP**
                              100 Spectrum Center Dr., Ste. 900
                              Irvine, CA 92618
                              Telephone: 949-724-1849
                              Facsimile:   949-625-8955
                              nmc@viplawgroup.com

                              ***ATTORNEYS FOR PLAINTIFF***
                              ***CONTEGO SPA DESIGNS, INC.***